IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY GARDNER | : | CIVIL ACTION |
| v. | : | |
| JAMES WYNDER, et al. | : | NO. 08-cv-2419 |

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of a prisoner in state custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from state custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution[1] have been violated; habeas corpus motions pursuant to AEDPA are the _only_ possible means of obtaining this type of relief from state custody.[2]

In cases involving prisoners in state custody, AEDPA, if it applies at all, provides for exclusive relief from state custody by means of 28 U.S.C. §2254 for

---

[1] For the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks on federal or state custody based on alleged violations of the U.S. Constitution, but also to attacks on such custody based on any asserted federal collateral grounds, such as: attacks based on alleged violations of federal statutes; or, attacks based on alleged violations of treaties involving the United States; or, attacks based on an alleged lack of jurisdiction by the sentencing court; or, in federal custody cases, attacks based on allegations that the sentence imposed exceeds the legal maximum.

[2] Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

1

a prisoner who is in custody,[3] and who raises a **_constitutional_**[4] attack on the imposition, **_and/or_** the execution,[5] of a state conviction and/or a state sentence, which may only be filed after the state conviction has been imposed.[6]

By means of AEDPA, Congress **_intentionally_** created a series of **_restrictive gate-keeping conditions_** which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2254.[7] One such intentionally restrictive gate-keeping condition is AEDPA's **_strict and short statute of limitations_**, created by 28 U.S.C. §2244(d). Another one of these intentionally restrictive gate-keeping conditions is AEDPA's so-called **_"second or successive rule"_**, created by 28 U.S.C. §2244(b), which generally forbids a litigant from filing a §2254 habeas if that litigant had at least one previous §2254 habeas that was "dismissed after adjudication of the merits of the claims presented,"[8] which means **_either:_**

---

[3]Spencer v. Kemna, 523 U.S. 1 (1998).

[4]Where there is an attack on state custody which does not involve a Constitutional argument, there is no right to habeas corpus relief, and, assuming that petitioner's appeals in state court are exhausted, the proper remedy lies in filing a petition with the state's Governor seeking executive clemency. Herrera v. Collins, 506 U.S. 390 (1993). Although Herrera is a pre-AEDPA case, it remains valid law after the enactment of AEDPA. Ruiz v. USA, 221 F.Supp. 2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003).

[5]Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[6]Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[7]The strict AEDPA gate-keeping procedures were enacted by Congress in order to support the policy of creating finality with respect to state and federal criminal prosecutions. Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004).

[8]Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

    I.      a dismissal after a consideration on the merits;[9] ***or,***

    II.     a dismissal on the grounds of the statute of limitations;[10] ***or,***

    III.    a dismissal on grounds of procedural default.[11]

In the instant situation, there is a prior 28 U.S.C. §2254 petition filed by petitioner (namely 07-cv-0360), which attacked the same conviction and/or sentence attacked in 08-cv-2419, and which was dismissed on grounds of the statute of limitations, which acts as an adjudication of the merits of the claims presented.

On May 23, 2008, petitioner filed a petition in this court seeking his release from state custodial status based on two claims:

    1.    that this federal district court allegedly applied state law, and not federal law, in reaching its judgment in 07-cv-0360; and,

    2.    that he was allegedly not provided with notice and an opportunity to be heard in 07-cv-0360 before it was dismissed.

In 08-cv-2419, petitioner bases his grounds for relief not on AEDPA, but on:

    A.    The alleged existence of equity jurisdiction in federal courts which allegedly cannot be limited by Congress; and,

---

[9]<u>Dunn v. Singletary</u>, 168 F.3d 440 (11th Cir. 1999).

[10]<u>Duncan v. Walker</u>, 533 U.S. 167 (2001).

[11]<u>In re Cook</u>, 215 F.3d 606 (6th Cir. 2000). (A 28 U.S.C. §2254 case is found to be Procedurally Defaulted where the petitioner in such a §2254 case previously had the right to file an appeal of the conviction and/or sentence involved to a state court but the petitioner did not, in fact, file such an appeal, and some procedural rule of the state court system dictates that the time has passed for such a state filing. This principle is based on the concept that the states are free to impose procedural bars designed to restrict repeated attempts to re-litigate matters in state appellate courts. <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000)).

    B.    The allegation that 28 U.S.C. §2243 allegedly stands by itself to justify relief for petitioner.

    C.    Federal Rule of Civil Procedure 60(b).

We will address these three arguments seriatim.

    A.    Petitioner alleges that there is some inalienable "Equity Jurisdiction" that rests with federal courts pursuant to Article III of the United States Constitution, and that this "Equity Jurisdiction" allegedly cannot be subject to Congressional Limitation.

We note that Article III, Section 2, Clause 2 of the United States Constitution expressly bestows upon Congress the authority to both make "Exceptions" to the jurisdiction of federal courts, and to create "Regulations" limiting this jurisdiction. Petitioner's argument that Congress has acted unconstitutionally in limiting the habeas corpus jurisdiction of federal courts by means of AEDPA must therefore fail.

    B.    28 U.S.C. §2243 is part of Chapter 153 of Title 28 of the United States Code. Both 28 U.S.C. §2243 and 28 U.S.C. §2244, by their own terms, deal with the concept of habeas corpus. 28 U.S.C. §2244 specifically lays down procedures related to "second or successive" habeas corpus petitions, whereas 28 U.S.C. §2243 does not even mention the concept of "second or successive" habeas corpus petitions. 28 U.S.C. §2244 specifically establish a strict and short statute of limitations in habeas corpus cases whereas 28 U.S.C. §2243 does not even mention the concept of a statute of limitations in habeas corpus cases. In situations where a petitioner is seeking habeas corpus relief and two different parts of the various habeas corpus statues may apply, the more specific habeas

4

corpus statute takes precedence over the more general habeas corpus statute.[12] Accordingly, petitioner is incorrect when he states that 28 U.S.C. §2244 does not apply to cases purportedly seeking relief based upon 28 U.S.C. §2243 alone.

    C.   The Supreme Court of the United States has held that federal statutes, such as AEDPA, take precedence over any rule of court (including Rule 60(b)), and that where a prisoner files a purported Rule 60(b) motion which makes an argument based upon the United States Constitution, that that purported Rule 60(b) petition is to be treated as "similar enough" (in the Supreme Court's own words) to an AEDPA claim that failure to apply the second or successive rule of AEDPA would be inconsistent with AEDPA. Gonzalez v. Crosby, 545 U.S. 524 (2005). See, also, Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000). The fact that habeas corpus relief pursuant to AEDPA is precluded by AEDPA's "second or successive rule," or by AEDPA's strict and short statute of limitations, or by any other provisions of AEDPA, does not mean that an alternative route to the same goal is available by means of a Petition pursuant to Rule 60(b). Gonzalez v. Crosby, 545 U.S. 524 (2005); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000).

There is however, one narrow exception to the aforesaid statutes, rules of court and caselaw. In the context of state prisoners, an example of such a case where the court could consider such a Rule 60(b) motion is where the previous 28 U.S.C. §2254 petition was denied without actual consideration of the merits of the arguments made, and the prisoner attacks solely the basis of how that

---

[12]Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

previous non-merits decision was procured (such as attacks on how the previous habeas case was found by the court to be procedurally defaulted, or attacks on how the previous case was found by the court to be not be in compliance with the statute of limitations). Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004). In this court's view, the instant case is directly on point with the narrow exception to the general rules of AEDPA and Rule 60(b) carved out by the U.S. Supreme Court in Gonzalez and by the United States Court of Appeals for the Third Circuit in Pridgen.

Accordingly, this 16th day of July, 2008, it is hereby

**ORDERED** that petitioner's application for relief pursuant to the "equity jurisdiction" allegedly created by Article III of the United States Constitution is **DENIED**, and, it is further

**ORDERED** that petitioner's application for relief pursuant to 28 U.S.C. §2243 alone is **DENIED**, and, it is further

**ORDERED**, in accordance with this court's procedures for the related assignment of habeas corpus cases (Local Rule of Civil Procedure 72.1 and 28 U.S.C. §636(b)(1)(B)), that the argument relying upon Federal Rule 60(b) is referred to the Honorable Peter B. Scuderi, United States Magistrate Judge, for a Report and Recommendation (as related to 07-cv-0360), and, it is further

**ORDERED** that as per Local Rule of Civil Procedure 72.1.IV(c), all issues and evidence shall be presented to the United States Magistrate Judge, and that, unless the interest of justice requires it, new issues and new evidence shall not be presented after the filing of the Report and Recommendation if they could have been presented to the United States Magistrate Judge.

_____
JAMES T. GILES, U.S. District Judge